**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 24 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUDIE THOMAS, | No. 20-55133 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-02791-BAS-NLS |
| v. | |
| QUALITY LOAN SERVICE CORPORATION | MEMORANDUM* |
| Defendants-Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted February 17, 2021**

Before:    FERNANDEZ, BYBEE, and BADE, Circuit Judges.

Rudie Thomas appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims related to nonjudicial foreclosure

proceedings against his home. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Dougherty v. City of*

---

    *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Covina*, 654 F.3d 892, 897 (9th Cir. 2011). We affirm.

The district court properly dismissed Thomas's action because Thomas failed to allege facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also* Cal. Civ. Code § 2924(a)(6) (a substituted trustee is authorized to initiate foreclosure proceedings); *U.S. ex rel. Hendow v. Univ. of Phoenix*, 461 F.3d 1166, 1174 (9th Cir. 2006) (setting forth elements for a claim under the False Claims Act); *L.A. Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 703 (9th Cir. 1992) (declaratory relief claim requires an "autonomous and independent dispute" of "vital importance" (citation and internal quotation marks omitted)).

We reject as unsupported by the record Thomas's contention that defendant was not validly substituted as the trustee under the Deed of Trust.

**AFFIRMED.**